

Stephen D. Oestreich (SO-8933)
Roger K. Marion (RM-6328)
TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
425 Park Avenue, 5th Floor
New York, New York 10022
(212) 754-9400
*Attorneys for Plaintiff- Lux Condominium by
Its Board of Managers*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUX CONDOMINIUM
BY ITS BOARD OF MANAGERS,

                              Plaintiff,

          -against-

COLCAVE, LLC, KENNETH STARR,
DIANE PASSAGE a/k/a DAWN PASSAGE,
AURORA CASSIRER as receiver for Colcave, LLC,
and JOHN DOE 1-10,

                              Defendants.

---

Civil Case No.:

ECF CASE

**VERIFIED COMPLAINT**

---

Plaintiff, the Board of Managers of the Lux Condominium, on behalf of the unit owners of the Lux Condominium ("Plaintiff"), by and through its attorneys, Todtman, Nachamie, Spizz & Johns, P.C., as and for its Complaint against Colcave, LLC ("Colcave"), Kenneth Starr ("Starr"), Diane Passage a/k/a Dawn Passage ("Passage"), Aurora Cassirer (the "Receiver"), and John Doe 1-10, alleges as follows:

### JURISDICTION AND VENUE

1.    This Honorable Court has jurisdiction over this Complaint pursuant to 28 U.S.C.A. §1367(a). This Complaint is related to an action in the United States District Court for the Southern District of New York in that it is a part of the same case or controversy, to wit: <u>Securities and Exchange Commission v. Kenneth Ira Starr, Starr</u>

Investment Advisors, LLC and Starr & Company, LLC, Diane Passage and Colcave, LLC, relief defendants, Civil Action No. 10-CV-4270 (SHS) before the Honorable Sidney H. Stein U.S.D.J. (the "Action"), in that this Complaint concerns unpaid common charges of a condominium unit (the "Unit") owned by Colcave, the Receiver was appointed by this Court first, by an Order in the Action entered on June 7, 2010, as temporary receiver, and then by an Order in the Action entered on July 8, 2010, to be the permanent receiver of Colcave, pursuant to which the Receiver has legal possession, custody and control of the Unit and all other assets of Colcave. Therefore, this Court is uniquely informed and able to determine the issues herein, and has sole jurisdiction over said issues.

2.     Venue is proper in this District pursuant to 28 U.S.C.A. § 1391(b)(1) because Colcave and Passage reside within the City, County and State of New York, and is proper pursuant to 28 U.S.C.A. § 1391(b)(2) because all of the events giving rise to the claim occurred in the judicial district of the Southern District of New York, to wit: the ownership of the Unit, the Default in paying the common charges for the Unit, and the receivership of the Unit.

## PARTIES

3.     The Lux Condominium (the "Condominium") was and is duly organized and exiting pursuant to the provisions of Article 9-B of the Real Property Law of the State of New York pursuant to a Declaration of Condominium duly recorded in the City of New York; the City Register Filing Number ("CRFN") of the Declaration of Condominium is 2008000310415, as amended by that certain First Amendment to

2

Declaration of Condominium recorded May 13, 2009, duly recorded therein as and at CRFN 2009000142359 (the "Declaration").

4.     The Condominium's principal place of business is 433 East 74th Street, New York, New York, 10021.

5.     Defendant Colcave is a New York limited liability company, and is the owner of the Unit in the Condominium, which is Unit 1C therein, located in the building known as, and located at, 433 East 74th Street, New York, New York, 10021.

6.     Colcave is a resident of the County, City and State of New York.

7.     Starr is a natural person and a resident of the County, City and State of New York, and is made a party to this action because he is a member of Colcave, and maintains a residence in the Unit.

8.     Passage is a natural person, the wife of Starr, and is a resident of the County City and State of New York, and is made a party to this action because she resides in the Unit.

9.     Upon information and belief, Passage is not a member of Colcave.

10.     The Receiver was appointed, by an Order in the Action dated and entered June 7, 2010, to be the temporary receiver of Colcave, *inter alia*, and was thereby vested with all rights and powers of Colcave and exclusive authority to make expenditures on behalf of Colcave.

11.     The Receiver was appointed, by an Order in the Action dated and entered July 8, 2010, to be the permanent receiver of Colcave, *inter alia*, and was thereby again vested with all rights and powers of Colcave and exclusive authority to make expenditures on behalf of Colcave.  Said receivership continues in existence to date.

12.    "John Doe 1-10" is a fictitious designation for persons whose names are not known who, upon information and belief are occupants of the Unit, and who do, or may, claim to have rights, title or interest in the Unit.

## FACTS UNDERLYING THE COMPLAINT

13.    The Condominium is operated and controlled by its Board of Managers, which is authorized by the by-laws of the Condominium (the "By-Laws") to commence and maintain this action.

14.    Pursuant to the By-Laws, all owners of units in the Condominium are liable for their proportionate share of the common expenses of the Condominium (the "Common Charges").

15.    Colcave acquired title to the Unit by deed dated April 16, 2010, and recoded on April 27, 2010, in the office of the Register of the City of New York at CRFN 2010000140192.

16.    Colcave's ownership of the Unit is subject to all of the terms and conditions contained in the Declaration and By-Laws of the Condominium, including the condition that the Common Charges (which include, but are not limited to, base monthly charges, late fees and interest), be paid.

17.    Defendants have failed and have refused to pay the Common Charges due on the Unit for the period June 1, 2010, through the present, at a base rate of $7,038.48 per month, and said amounts remain unpaid.

18.    Based thereon, and pursuant to the Declaration and By-Laws, on or about October 20, 2010, a demand letter (the "Demand") was served upon Colcave, and a copy served upon the Receiver, duly accelerating the Common Charges due through the year

2010, to be immediately due and payable, and duly demanding payment therefor together with the late fees accrued through that date, then totaling $51,139.73.

19.     Pursuant to the Declaration and By-Laws, and Sections 339-z and 339-aa of the Real Property Law of the State of New York, Plaintiff duly recorded a notice of lien for the unpaid Common Charges against the Unit on December 8, 2010, in the office of the Register of the City of New York at CRFN 2010000411643.

20.     Defendants Colcave and the Receiver are now liable for late charges totaling $150.00 to date.

21.     The Common Charges due and payable, together with the late fees and interest accrued through the December 14, 2010, totals $52,872.21.

22.     To date, legal fees, in the approximate sum of $10,000.00 have been incurred by Plaintiff as a result of Plaintiff's efforts to collect the above amounts.   The Condominium is entitled to recover said legal fees to the pursuant to the Declaration and By-Laws.

23.     All of the Defendants herein have or claim to have some interest in the Unit. Upon information and belief, all of the individual, natural defendants herein are of adult age and sound mind, and none is an absentee owner.

AS AND FOR A CAUSE OF ACTION<br>(Judgment For Amount Owed)

24.     Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth fully here.

25.     Based on the foregoing, Defendants are indebted to the Condominium in the sum of approximately $62,872.21, plus additional common charges, late fees, interest

and legal fees which continue to accrue through the date of judgment in this action, in an amount to be determined by the Court.

26.     The Receiver is required, and/or should be required by the judgment herein, to pay the total amount outstanding from Colcave to Plaintiff pursuant to the obligations of the above-stated receivership.

27.     Pursuant to New York Real Property Law § 339-aa, this is an action for money judgment and is without waiving the lien or waiving Plaintiff's right to foreclose upon the Unit to obtain exclusive ownership thereof.

WHEREFORE, the Plaintiff demands judgment as follows:

(a)  Granting Plaintiff a judgment against Defendants in an amount to be determined at trial, but in no event less than $62,872.21 plus all sums which will continue to accrue through the date of judgment, together with the interest thereon, and reasonable attorneys' fees;

(b)  Granting Plaintiff and Order compelling the Receiver to make payment of the Judgment either from the money available to the receivership at the time of judgment, or upon the sale of the Unit;

(c)  On each Cause of Action, the costs, fees and disbursements incurred herein, and such other and further relief in favor of Plaintiff as is just and proper; and

(d) Such other and further relief in favor of Plaintiff as is just, proper and equitable.

Dated:  New York, New York
         December 14, 2010

                             Todtman, Nachamie, Spizz & Johns, P.C.

                             By: _____
                                 Stephen D. Oestreich (SO-8933)
                                 Roger K. Marion (RM-6328)
                           425 Park Avenue, 5th Floor
                           New York, New York 10022
                           (212) 754-9400

                           *Attorneys for Plaintiff- Lux Condominum by*
                           *Its Board of Managers*

**VERIFICATION**

STATE OF NEW YORK   )
                      ) ss:
COUNTY OF NEW YORK )

_____Peter Kosten_____ being duly sworn deposes and says:

     I am a member of the Board of Managers of the Lux Condominium, the plaintiff in the foregoing Verified Complaint, and I have read the foregoing Verified Complaint, and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

Sworn to before me this _14th_
day of December, 2010

_____
NOTARY PUBLIC

BETTY CORDERO
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN BRONX COUNTY
NO. 01CO6187734
MY COMMISSION EXPIRES 05-27-2012